# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

**NIKITA ROLAND HENLEY,**
     Petitioner,

**v.**                              **Case No. 7:24-cv-257-CLM-GMB**

**ROLANDA CALLOWAY, et al.,**
     Respondents.

## MEMORANDUM OPINION

Nikita Roland Henley is an Alabama state prisoner serving consecutive sentences of life for murder, 21 years for a count of attempted murder, and life for another count of attempted murder. Henley seeks habeas relief under 28 U.S.C. § 2254. The magistrate judge has entered a report, recommending the court dismiss with prejudice Henley's amended § 2254 petition because it is untimely by 19 years. (Doc. 28). Henley has filed a 67-page objection to the report and recommendation. (Doc. 33). In his objections, Henley does not dispute that his petition is untimely by 19 years[1] but argues that he has made a threshold showing of actual innocence to overcome the expiration of the statute of limitations. For the reasons stated within, the court **OVERRULES** Henley's objections.

## DISCUSSION

### A. Objection to Factual History

Henley's first objection is to the magistrate judge's recitation of the factual history underlying these convictions. (Doc. 33, pp. 1-11). This objection fails. Henley filed a 200-page brief (doc. 5) in support of his amended petition (doc. 4) and 982 pages of the "entire record on appeal" (doc. 6). His reply consisted of a 130-page brief and 525 pages of exhibits (doc. 22), two affidavits (docs. 23, 24), 70 pages of state court appellate records (doc. 25), 650 pages of

---

[1] As noted by the magistrate judge, Henley's petition does not account for the many years in which he did not pursue his right to seek collateral review. (*See* Doc. 28, pp. 14-15).

his co-defendant Frenchon Hill's record on appeal (doc. 26), and 421 pages of state court documents related to Milton Johnson and Anthony Nixon (doc. 27).

The magistrate judge noted that the factual history in the report included a "summary highlighting the evidence presented during Henley's state trial that relates to his federal habeas petition." (Doc. 28, pp. 1-2). Just because the magistrate judge limited his summary to the evidence presented during Henley's trial does not mean that the magistrate judge did not consider Henley's arguments and the evidence relevant to those issues. (*See, e.g.*, *id.*, pp. 16-21). As for Henley's claims of "factual inaccuracies,"[2] the magistrate judge properly considered Henley's claims and accurately cited to relevant portions of the record related to those claims. (*See id.*). So the court **OVERRULES** these objections.

## B. Actual Innocence

1. Henley starts his actual innocence argument by reasserting the claims he raised in his amended petition and reply. For example, Henley again argues that the doctor who performed Michael Richardson's autopsy made "erroneous" findings, provided testimony at his trial that was "both physically and scientifically impossible," and suffered from "numerous ailments" that impacted his work. (*See* Doc. 33, pp. 18-21, 55-56, 59). As explained by the magistrate judge, this argument goes to the sufficiency of the evidence and does not satisfy the demanding actual innocence standard announced in *Schlup v. Delo*, 513 U.S. 298 (1995). Henley's argument that the state's witnesses, including Milton Johnson, Marcus Richardson, and Jermaine Young, falsely testified at his trial is another attempt to attack witnesses' credibility and as noted by the magistrate judge is not new reliable evidence under *Schlup*. (Doc. 33, pp. 21-23, 58). So the court **OVERRULES** Henley's objections based on these reasserted claims.

---

[2] In support of this argument, Henley cites to various documents attached to his reply (Doc. 33, pp. 3-10). Henley is reminded that his reply was not an opportunity to state new claims and present new evidence in support of those claims. (Doc. 17, p.1). The right to object to the magistrate judge's report is also not an opportunity for Henley to make new allegations, present additional evidence, and repeat legal arguments. (*See* Doc. 28, p. 22; Doc. 33, pp. 4-5, attacking the credibility of witness by citing to testimony at preliminary hearing).

2. Henley goes on to: (1) argue that the state prosecutors reinforced false testimony during closing arguments based on past allegedly contradictory statements from witnesses (*id.*, pp. 23-34); (2) devote several pages to his claim that "the State relied solely on a complicity by aiding and abetting murder and attempted murder to convict" him (*id.*, p. 34); (3) quote the prosecutor's closing arguments at length to assert that the jury wasn't fully informed of all the facts (*id.*, pp. 35-41); and (4) discuss the criminal histories of the witnesses against him (*id.*, pp. 41-45, 56, 59-60).

The magistrate judge correctly concluded that none of this evidence qualifies as "new reliable evidence" under *Schlup* because it is not "exculpatory, scientific evidence, trustworthy eyewitness accounts, or critical evidence," 513 U.S. at 324, which if presented at his trial, would mean that no reasonable juror could find Henley guilty beyond a reasonable doubt. *See McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). And as the magistrate judge noted, much of the criminal history was public record and available to Henley at the time of trial. *See United States v. Willis*, 997 F.2d 407, 412 (8th Cir. 1993) (holding that there is no *Brady* violation when a "plea agreement was a matter of public record, fully available to the defendant"). Henley also repeats his argument that the "forensic and physical evidence supports [his] . . . innocence" and that his analysis of shooting zones, scene reconstruction, ballistics, and gunshot trajectory should have been considered as new evidence (doc. 33, pp. 47–52, 55–56, 62), but the magistrate judge properly determined that Henley's arguments are not new evidence and are simply another attempt to relitigate the sufficiency of the evidence in his trial (*see* doc. 28, pp. 20–21). As a result, the court **OVERRULES** these objections.

3. Henley next contends that the statements of "disinterested witnesses" Tim Owens, Wendy Stapp, Benjamin Stapp, Lorenzo Gamble, Ian Barrett, Jermaine Farley, and Marcus Bates were "withheld" by the prosecutor and thus Henley's counsel "did not receive these statements and could not call these witnesses."[3] (Doc. 33, pp. 54-56, 58, 62-63). But Henley acknowledges that the state court granted the prosecutor's motion to quash his subpoena for statements from these witnesses because under Alabama Rule of Criminal

---

[3] Henley's reply claimed that the prosecution suppressed other evidence, which the magistrate judge properly concluded was not supported by the record. (*See* Doc. 28, pp. 17-20).

Procedure 16.1(e) discovery of statements made by state witnesses "is not authorized." (Doc. 33, p. 58; Doc. 22-4).

There is no prosecutorial misconduct here; Henley's counsel could have interviewed these individuals and called them as witnesses. In fact, his counsel did present testimony from Benjamin and Wendy Stapp and Gamble. (Doc. 6-4, pp. 119-44, 146-86). Plus, these statements are from 2000 (*see, e.g.*, docs. 22-1, 22-3, 22-6) and thus are not "new evidence" of Henley's innocence. Even if these statements were new evidence, they fall short of "rais[ing] sufficient doubt about [Henley's] guilt to undermine confidence in the result of the trial." *Ray v. Mitchem*, 272 F. App'x 807, 810 (11th Cir. 2008). So the court **OVERRULES** this objection.

4. Finally, Henley returns to his claim that "[Anthony] Nixon was Michael Richardson's shooter," that Dallas Richey "shot the 9mm pistol," (doc. 33, p. 60), and that his "new" evidence supporting these claims is "a nearly identical set of facts" to those in *Barbour v. Hamm*, 746 F. Supp. 3d 1252 (M.D. Ala. 2024). (Doc. 33, pp. 61-62). The court disagrees. In *Barbour*, the court found that the petitioner met the *Schlup* standard for an actual innocence claim based on new DNA evidence. *Barbour*, 746 F. Supp. 3d. at 1258. Here, Henley admits that he "does not have exculpatory DNA *yet*" but says he will when the court "orders the State to disclose the identity of the person whose fingerprints were found on the .40 Smith & Wesson handgun when [ ] Nixon was arrested." (Doc. 33, p. 62). The magistrate judge correctly analyzed and rejected Henley's unsupported theory that Nixon's fingerprint was found at the crime scene, making Nixon the shooter, not Henley. (Doc. 28, pp. 18-19). Thus, the court **OVERRULES** Henley's objection.

## CONCLUSION

After considering the record and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court will **DISMISS WITH PREJUDICE** the amended petition for habeas corpus.

This court "must issue or deny a certificate of appealability" whenever it issues "a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2254 Proceedings. The court may issue a certificate of appealability "only if the

applicant made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Henley's claims satisfy neither standard, so the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out these rulings and closes this case.

**Done** and **Ordered** on March 19, 2025.

COREY L. MAZE
UNITED STATES DISTRICT JUDGE